THE WESTERN LAND CO. v. ENGLISH (*and seventeen other like cases*).

Judgment: IN VACATION UNDER STIPULATION: VALIDITY. An agreement of all the parties to eighteen like cases, the plaintiff in each being the same, was filed in the court where all but one of them was pending, and that one had been removed to another county for trial. The effect of the agreement was that the trial of the one case should be conclusive of all the cases, and that when either party should file a certified copy of the judgment in that case, the judge should order and the clerk should enter a like judgment in each of the other cases. *Held* that this was a stipulation for judgment in vacation, and that judgments entered in vacation pursuant to the agreement were valid.

*Appeal from O'Brien District Court.* —HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 16, 1888.

DEFENDANTS filed motions in these cases to set aside a judgment rendered in each, which were overruled. The defendants in each case appeal.

*D. D. McCallum*, for appellants.

*John S. Monk, George E. Clarke* and *Barrett & Callvert*, for appellee.

BECK, J.—I. Eighteen cases were pending in the O'Brien district court, of which the case set out in the title of this cause was one. Thereupon the parties to all the causes, by their attorneys, entered into a stipulation, of which, after setting out the title of this cause, and the numbers designating the others, the following is a copy:

"It is hereby stipulated by and between the Western Land Company, plaintiff in each of the above-entitled causes, and each of the defendants in each of the causes above referred to by its number, that, inasmuch as cause No. 1,605, being the Western Land

Company *vs.* Andrew Nelson, has been changed to Cherokee county for trial, and as the same questions are involved in each and all of said causes, and the plaintiff relies on the same chain of title in each and all of said causes, and for the purpose of saving expense, it is hereby stipulated and agreed that this court or judge shall have authority and jurisdiction to enter the same judgment in each of the foregoing numbered cases that the district court of Cherokee county may enter in the said cause of Andrew Nelson, No. 1,605, whenever either party shall file in the office of the clerk of this court a certified copy of the judgment of said district court of Cherokee county ; and the clerk of this court is hereby authorized and directed to enter the proper order or judgment in each of said causes therefor ; and the said judge of this court shall enter the exceptions of both parties to such judgment, and each and every part thereof ; and the evidence and record in the said cause of the Western Land Company against Andrew Nelson, No. 1,605, shall be the record and evidence in each of said causes for all purposes of appeal and writs of error or other proceedings, to review such judgment as may be entered, except that the name of each respective defendant may be substituted in the place of Andrew Nelson in said record, and the description of the land claimed by the defendants, respectively ; and that said cause, No. 1,605, shall be set down for trial on the third day of the next term of the district court of Cherokee county, Iowa (April 13, 1887).

" J. S. Monk,

" Geo. E. Clarke, and

" Barrett & Callvert,

" Plaintiff's Attorneys.

" Wm. Lawrence,

" J. B. Dunn, and

" Henry O'Connor,

" Defendant's Attorneys."

A judgment having been entered in No. 1,605, a certified copy thereof was filed in the office of the clerk of the O'Brien district court, and in pursuance of the

stipulation judgments were ordered by the judge, and entered by the clerk of the court. This was in vacation. The defendants made motions to set aside these judgments. The correctness of this action of the court presents the only question for our consideration. The judgments, as entered, are explicitly provided for by the stipulation, and there is no dispute as to the fact that the event authorizing the entry of the judgments, as provided by the stipulation, viz., the entry of judgment in case No. 1,605, had happened. The parties, by the stipulation, provide that one trial should determine the issues in all the cases,—a provision which the courts will favor, as it prevents delay and costs. It is an agreement providing for judgments to be entered in vacation,—a very common thing in the practice in this state. The agreement speaks this language: "One trial shall settle the issues in all the cases. When that trial is had, and judgment is entered in No. 1,605, the judge shall order judgment, and the clerk shall enter it, and this may be done even in vacation." We know of no principle or reason that requires us to hold this stipulation, and the judgments entered under it, invalid. Nothing more need be said in support of the judgment of the district court overruling defendant's motion.

AFFIRMED.